United States District Court
Southern District of Texas
**ENTERED**
November 21, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TRACY LASHELL BLANKS | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 3:14-CV-303 |
| | § | |
| NANCY A. BERRYHILL, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMISNATION | § | |
| | § | |
| *Defendant*. | § | |

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On October 12, 2017, United States District Court Judge Keith P. Ellison referred Plaintiff's motion for attorney's fees, ECF No. 15, to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). Notice, ECF No. 17. For the reasons stated below, the Court recommends that Plaintiff's motion be granted.

### I.  BACKGROUND

On October 14, 2010, Plaintiff Tracy Lashell Blanks ("Plaintiff") applied before the Social Security Administration ("the Administration") for social security disability benefits and social security income benefits. Mem. & Order, at 2, ECF No. 12. Her application was denied initially and on reconsideration. *Id.* An

1

Administrative Law Judge ("ALJ") held a hearing where Plaintiff appeared *pro se*. *Id.* After the hearing, the ALJ issued a decision finding Plaintiff to be not disabled. *Id.* Plaintiff requested review of this decision by the Appeals Council, which the Appeals Council denied. *Id.*

Represented by counsel for the first time, Plaintiff appealed the Administration's decision to the federal district court. Compl., ECF No. 1. On her behalf, Plaintiff's attorneys filed a sixteen-page motion for summary judgment. Mot. Summ. J., ECF Nos. 9-10. On May 11, 2015, Judge Ellison ruled in Plaintiff's favor and granted her motion, reversed the ALJ's decision, and remanded the case to the ALJ. Mem. & Order, ECF No. 12. Specifically, Judge Ellison found that the ALJ improperly disregarded the opinions of a consulting psychologist regarding Plaintiff's mental impairment and that this error created an issue of whether Plaintiff's disability met an impairment listed at 20 C.F.R. Part. 404, Subpart P. Appendix 1 § 12.05. *Id.*

Based on the successful appeal to the district court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Plaintiff's counsel sought and was awarded $4,012.12 in attorney's fees and the district court filing fee of $400. Mot., ECF No. 13; Order, ECF No. 14.

On remand to the Appeals Council, the Appeals Council vacated the ALJ's decision and remanded the claim back to the ALJ level for another hearing. Dominick Bonino Aff. ¶ 5, ECF No. 15-2. On November 10, 2016, a new ALJ held a hearing and issued a written decision on December 9, 2016, finding Plaintiff disabled. *Id.* ¶ 7.

The Administration sent Plaintiff an award of past-due benefits withholding $10,552.50 for payment of legal fees, representing twenty-five percent of the total award. *Id.* ¶ 13. Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel now seeks a court order awarding attorney's fees to the Law Office of Harry J. Binder and Charles E. Binder, LLP ("the law firm") in the amount of $10,552.50. *Id.* ¶ 14. Upon receipt of this sum, counsel for Plaintiff will refund the previously awarded EAJA fee of $4,012.14 directly to Plaintiff. *Id.*

The Commissioner of the Administration ("the Commissioner") "takes no legal position as to the appropriateness or reasonableness" of Plaintiff's counsel's request, as she only plays the role of "trustee for the claimants." Resp. at 1, ECF No. 16. However, in her Response, she explains that Plaintiff's counsel's request "does not appear to be unreasonable." *Id.* at 3-5.

## II. LEGAL STANDARD

Sections 406(a) and (b) "provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action." *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (citing 42 U.S.C. § 406(a)-(b)).

Section 406(a) governs fees for representation at the administration level. *Jeter v. Astrue*, 622 F.3d 371, 374 n.2 (5th Cir. 2010). Section 406(b) governs the award of attorney's fees for representing claimants in court. *Calaforra v. Berryhill*, No. 4:15-CV-02298, 2017 WL 4551350, at *2 (S.D. Tex. Oct. 12, 2017) (Milloy, J.). The combined fees under subsection (a) and (b) cannot exceed twenty-five percent of past-due benefits. *Rice v. Astrue*, 609 F.3d 831, 834-35 (5th Cir. 2010). "Congress intended Section 406(b) to encourage effective legal representation of claimants by insuring lawyers that they will receive reasonable fees directly through certification by the Secretary." *Jackson v. Astrue*, 705 F.3d 527, 530 (5th Cir. 2013). Section 406(b) applies when, as here, the claimant obtains a favorable decision on remand to the Administration after the court had vacated the Administration's previous decision denying benefits. *Id.* at 531.

Even when the requested fee is within the statutory ceiling of twenty-five percent, "§ 406(b) requires the court to review the 'arrangement as an independent

check, to assure that it yields reasonable results' in the case." *Calaforra*, 2017 WL 4551350, at *3 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (internal marks omitted)). The court performs an independent check to ensure that the fee is not a windfall to the attorney. *Jeter*, 622 F.3d at 380-82. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Id.* at 379. The court has wide discretion in approving or discounting the amount of attorney's fees. *Id.* at 376.

Section Sections 406(a) and 406(b) are not the only sources of compensation available to an attorney. "Under the EAJA, a party who prevails against the United States, including a successful Social Security benefits claimant, may be awarded fees if the government's position in the litigation was not 'substantially justified.'" *Calaforra*, 2017 WL 4551350, at *2 (quoting 28 U.S.C. § 2412(d)(1)(A)). "Attorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), 'but must refund to the claimant the amount of the smaller fee.'" *Jackson*, 705 F.3d at 529 n.2 (quoting *Gisbrecht*, 535 U.S. at 796 (internal marks omitted)).

## III. ANALYSIS

The Court must decide whether Plaintiff's attorney's request for a fee award under 42 U.S.C. § 406(b) is reasonable. The burden is on the attorney to show that the fee is reasonable. *See Calaforra*, 2017 WL 4551350, at *3. The court may use a variety of non-exhaustive factors in performing this check, including, the existence of a contingency fee agreement, the risk of loss the attorney takes on, the experience and quality of the attorney, whether the attorney caused any unnecessary delay, and the resulting hourly rate. *Jeter*, 622 F.3d at 377; *Calaforra*, 2017 WL 4551350, at *4. No one factor is dispositive, and the court may not exclusively rely on the resulting hourly rate in determining the reasonableness of the fee. *Jeter*, 622 F.3d at 377 (finding it proper for the district court to calculate the resulting hourly rate while simultaneously relying on additional factors to support its determination that the contingency fee constitutes an unearned advantage to the attorney). If the court finds the fee unreasonable, it "must discuss the factors that demonstrate that the success on appeal is not of the attorney's making, but rather, is attributable to some other source for which it would be unreasonable to compensate the attorney." *Id.* at 381.

Analyzing these factors, the Court finds that a fee of $10,552.50 is reasonable in this case. Plaintiff signed a contingency fee agreement with the law

firm setting the firm's compensation at twenty-five percent of any recovery of back benefits. Ex. A., ECF No. 15-3 (Signed Retainer Agreement and Assignment).[1] This fee is within the statute. 42 U.S.C. § 406(b)(1)(A).

Based on the contingency fee arrangement, counsel took a risk in taking this case. Counsel worked on Plaintiff's case, assuming the risk that no benefits would be awarded and that the firm would receive nothing for its efforts. *See Smith*, 2017 WL 1501542, at *2 ("courts have consistently recognized that there is a substantial risk of loss in civil actions for social security disability benefits" (internal quotation omitted)); *Charlton v. Astrue*, No. 3:10-CV-056, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011), *adopted*, 2011 WL 6288029 (N.D. Tex. Dec. 14, 2011) (noting that on average only thirty-five percent of claimants who appealed their case to federal court received benefits).

Plaintiff's counsel spent twenty-two hours on this case, 19.90 hours of which was spent on a well written and researched sixteen-page motion for summary judgment that distilled medical evidence from a 443-page administrative record into three legal issues, one of which was the basis for remand. Bonino Aff. ¶¶ 9-11, ECF No. 15-2; Ex. B, ECF No. 15-3 (Itemization of Hours); Mot. Summ. J., ECF Nos. 9-10; *see Smith v. Berryhill*, No. 3:15-CV-686, 2017 WL 1501542, at *3

---

[1] It actually represents less than twenty-five percent, factoring in the $4,012.14 refund of the EAJA fee that Plaintiff will receive from counsel.

(N.D. Tex. Apr. 6, 2017), *adopted*, 2017 WL 1494722 (N.D. Tex. Apr. 26, 2017) (noting favorably the quality of the representation when attorney spent "27 hours drafting a 19-page appellate brief that identified several critical arguments from a 904-page administrative record"). These hours represented the vast majority of the time they spent on Plaintiff's case.

The attorneys on the case have a combined thirty-seven years of experience practicing Social Security disability law. *See* Bonino Aff. ¶¶ 10, 12, ECF No. 15-2. Eddy Pierre Pierre has twenty-one years of experience, and Dominick Bonino has sixteen years of experience. *Id.* Plaintiff's award of past-due-benefits appears to be from counsel's efficiency and decades of experience. *See Smith*, 2017 WL 1501542 (citing favorably the attorney's forty years of practicing social security law). "If a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Jeter*, 622 F.3d at 382.

Additionally, there is no evidence that Plaintiff's counsel caused any unnecessary delay in the proceedings at the district court level. *See Calaforra*, 2017 WL 4551350, at *4 (citing absence of delay in approving fee).

Cumulatively, the two lawyers spent twenty-two hours representing Plaintiff in federal court. Bonino Aff. ¶¶ 9-11, ECF No. 15-2; Ex. B, ECF No. 15-3 (Itemization of Hours). The resulting hourly rate would be $479.66 per hour ($10,552.50/22hours). While higher than the EAJA hourly rates of $125 per hour, even with cost-of-living adjustments, as Judge Ellison awarded a rate of $182.37 per hour,[2] the hourly rate reflects the effective and efficient representation they provided Plaintiff. As the Fifth Circuit explained, "as a result of the legislative history behind § 406(b)—as well as the difficult nature of Social Security appeals and their low rates of success in general—an excessively high hourly rate alone does not render an otherwise reasonable fee unreasonable." *See Jeter*, 622 F.3d at 382. A $479.66 hourly rate is less than rates approved in other cases. *See, e.g., Smith*, 2017 WL 1501542 (approving hourly rate of $771.16); *Wilson v. Berryhill*, No. 3:13-CV-1304, 2017 WL 1968809, at *2 (N.D. Tex. Apr. 7, 2017), *adopted*, 2017 WL 1956242 (N.D. Tex. May 11, 2017) (finding reasonable $937.50 hourly rate); *Sabourin v. Colvin*, No. 3:11-CV-2109, 2014 WL 3949506 (N.D. Tex. August 12, 2014) ("$1,245.55 per hour" was not an unearned windfall).

---

[2] Plaintiff's Motion for Attorney's Fees under the EAJA included an hourly rate calculation based on an increase of the locality rate given the Consumer Price Index on February 2015 for the Houston-Galveston-Brazoria region. Bonino Aff. ECF No. 13-4. Judge Ellison granted this requested amount plus the firm's $400 filing fee. Order, ECF No. 14.

Considering these factors, and the Commissioner's position, the Court finds that an award of $10,522.50 is reasonable, as it is a direct result of counsel's advocacy and does not result in a windfall for Plaintiff's counsel. *See Calaforra*, 2017 WL 4551350, at *4 (awarding attorney's fees); *Smith*, 2017 WL 1501542, at *3 (finding $20,898.68 for twenty-seven hours reasonable).

## IV. CONCLUSION

The Court **RECOMMENDS** that Plaintiff's motion for attorney's fees be **GRANTED,** Defendant be **ORDERED** to pay Plaintiff's counsel the $10,552.50 withheld out of Plaintiff's past-due-benefits, and Plaintiff's counsel be **ORDERED** to refund the EAJA award in the amount of $4,012.14 directly to Plaintiff.

The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on November 21, 2017, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**